IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-00053-FDW

| | |
|---|---|
| KAYIE S. WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FNU MERRIMON, Officer, | ) |
| Correctional Officer for Lanesboro | ) **ORDER** |
| Institution; FNU HONBARRIER, | ) |
| Officer, Correctional Officer for | ) |
| Lanesboro Institution; | ) |
| FNU SMITH, Officer, Correctional | ) |
| Officer for Lanesboro Institution, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se complaint, filed pursuant to 42 U.S.C. § 1983. For the reasons that follow, Plaintiff's complaint will be dismissed.

Plaintiff is a prisoner of the State of North Carolina who was confined in the Lanesboro Correctional Institution when he contends he was attacked by John Goins, a fellow inmate, after Officer Smith opened the door to Goins' cell. According to the complaint, Goins struck Plaintiff three times on the shoulder and then returned to his cell, and Plaintiff was placed back into his own cell. Plaintiff later received medical treatment and was transferred from Lanesboro to Marion Correctional Institution for undisclosed reasons.

1

District courts are required to review a complaint under Section 1983 when a prisoner "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The statute further provides that "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b)(1) & (2).

In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). While a pro se complaint must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), this requirement of liberal construction will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

To be sure, the Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (quoting Cortes-Quinones v. Jiminez-Nettleship, 842 F.2d 556, 558 (1st Cir.), cert. denied, 488 U.S.C. 823 (1988)). To establish a claim under § 1983 for failure to protect from violence, an inmate must show; (1) "serious or significant physical or emotional injury resulting from the challenged conditions," De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (quoting Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993)); and (2) that the prison

2

official has a "sufficiently culpable state of mind." <u>Farmer</u>, 511 U.S. at 834. Simply put, in order to succeed on a claim of deliberate indifference to Plaintiff's safety, Plaintiff must show that the Defendants knew of and disregarded an excessive risk to Plaintiff's health or safety, were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and drew that inference. <u>Rich v. Bruce</u>, 129 F.3d 336, 338 (4th Cir. 1997) (citing <u>Farmer</u>, 511 U.S. 825 at 837).

Plaintiff's complaint fails to state a claim for relief. First, there is no indication that any of the Defendants had any knowledge that Goins represented a risk to Plaintiff's safety. Second, Plaintiff complains that his medical treatment was delayed; however he does not complain that he received no treatment or that the delay caused any appreciable injury.

Based on the foregoing, the Court finds that Plaintiff's complaint should be dismissed for failure to state a claim. 28 U.S.C. § 1915A(b)(1).

**IT IS, THEREFORE**, **ORDERED** that Plaintiff's application to proceed in forma pauperis is **GRANTED**. (Doc. No. 2).

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. (Doc. No. 1).

The Clerk of Court is respectfully directed to close this civil case.

**SO ORDERED**.

Signed: February 27, 2017

Frank D. Whitney
Chief United States District Judge